**VIRGINIA & AMBINDER, LLP**
By: Charles R. Virginia, Esq.
Nicole Marimon, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE B.A.C. LOCAL 4 NEW JERSEY PENSION FUND, TRUSTEES OF THE NEW JERSEY B.A.C. ANNUITY FUND, TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, TRUSTEES OF THE BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND, | 20 Civ. _____ |
| Plaintiffs, | |
| -against- | **COMPLAINT** |
| SUNDANCE CONSTRUCTION CO., INC. t/a B.D. MALCOLM CO., | |
| Defendant. | |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

### NATURE OF THE ACTION

1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer welfare and pension funds through their respective Boards of Trustees, to collect delinquent employer contributions to employee benefit plans and other contributions that an employer was required to withhold from its employees' pay and forward to the union.

## JURISDICTION

2.      This Court has subject matter jurisdiction over this action pursuant to sections 502(e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145; section 301 of the LMRA, 29 U.S.C. § 185; and 28 U.S.C. § 1331.

## VENUE

3.      Venue is proper in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301 of the LMRA, 29 U.S.C. § 185.

## THE PARTIES

4.      Plaintiffs Trustees of the B.A.C. Local 4 Pension Fund (the "Local 4 Pension Fund") are the employer and employee trustees of labor-management trust funds organized and operated pursuant to trust agreements and various collective bargaining agreements in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Local 4 Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3), and multiemployer plans within the meaning of section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Local 4 Pension Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

5.      Plaintiffs Trustees of the New Jersey B.A.C. Annuity Fund (the "Annuity Fund") are the employer and employee trustees of multi-employer, labor-management trust funds, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Annuity Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Annuity Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

6.      Plaintiffs Trustees of the New Jersey B.A.C. Health Fund (the "Health Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a trust agreement and various collective bargaining agreements in accordance with section 302 of the LMRA, 29 U.S.C. § 186. The Health Fund is an employee benefit plan within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Health Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

7.      Plaintiffs Trustees of the Bricklayers and Trowel Trades International Pension Fund (the "IPF") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a trust agreement and various collective bargaining agreements in accordance with section 302 of the LMRA, 29 U.S.C. § 186. The IPF is an employee benefit plan within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IPF maintains its principal place of business at 620 F Street, N.W., Washington, District of Columbia 20004.

8.      Upon information and belief, at all times relevant hereto, Defendant Sundance Construction Co., Inc. t/a B.D. Malcolm ("B.D. Malcolm"), was and is a corporation organized and established under the laws of the State of New Jersey and conducting business in the State of New Jersey as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185. Upon information and belief, B.D. Malcolm maintains its principal place of business at 325 Beaverbrook Road, Lincoln Park, New Jersey 07035.

## BACKGROUND

9.     At all relevant times hereto, B.D. Malcolm and the Bricklayers and Allied Craftworkers Administrative District Council of New Jersey ("Union")  were parties to a collective bargaining agreement (the "CBA") establishing the terms and conditions of employment for employees of B.D. Malcolm working as bricklayers, cement masons, plasterers, pointer caulkers, cleaners, fire proofers, stone masons, brick pavers and exterior marble masons ("Covered Work") within a specified geographical area.

10.     The CBA provided that B.D. Malcolm must make specified contributions to the Local 4 Pension Fund, the Annuity Fund, the Health Fund, the Apprentice Fund (collectively, the "Local Funds"), and the IPF (together, the "Funds") for each hour of Covered Work performed by B.D. Malcolm's employees.

11.     The CBA further provided that B.D. Malcolm must make its books and records available to the Funds or their representatives in order to verify the number of hours of Covered Work performed by B.D. Malcolm's employees.  Additionally, the CBA required that should delinquent contributions be uncovered by such an audit, B.D. Malcolm was liable for any audit costs.

12.     An audit of B.D. Malcolm's books and records (the "Audit") revealed that B.D. Malcolm failed to make all required contributions to the Funds in connection with a substantial portion of the Covered Work performed by B.D. Malcolm's employees during the period January 1, 2018 through December 31, 2018 (the "Audit Period").

13.     In connection with Covered Work identified by the Audit, B.D. Malcolm is liable to Plaintiffs for delinquent contributions in the amount of $85,803.16, plus interest, liquidated damages, attorneys' fees and costs.

## **FIRST CLAIM FOR RELIEF**

14.     Plaintiffs repeat the allegations set forth in paragraphs 1 through 13 above and incorporate them herein by reference.

15.     Section 515 of ERISA provides: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

16.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that upon a finding that an employer violated section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

17.     Under the documents and instruments governing the Local Funds, employers whose contributions are delinquent are liable for interest at the rate of 10% per annum and liquidated damages of 20% of the principal amount due.  Similarly, under the documents and instruments governing the IPF, employers whose contributions are delinquent are liable for interest at the rate of 15% per annum and liquidated damages of 20% of the principal amount due.

18.     At relevant times, B.D. Malcolm and the Union were parties to a CBA establishing the terms and conditions of employment for employees of B.D. Malcolm working as bricklayers, cement masons, plasterers, pointer caulkers, cleaners, fire proofers, stone masons, brick pavers and exterior marble masons within specified geographical areas.

19.     At relevant times, the CBA required B.D. Malcolm to make specified

contributions to the Local Funds and the IPF for each hour of Covered Work.

20.     The Audit revealed that B.D. Malcolm failed to make all required contributions to the Funds, in connection with Covered Work performed by B.D. Malcolm's employees during the Audit Period.

21.     B.D. Malcolm thereby contravened the CBA and section 515 of ERISA, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

22.     Therefore, in connection with Covered Work identified by the Audit, B.D. Malcolm is liable to Plaintiffs for delinquent contributions in the amount of $85,803.16, plus interest through the date of judgment, liquidated damages, and reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(1)     Award the Funds judgment for $85,803.16, plus interest and liquidated damages;

(2)     Award the Funds all reasonable attorneys' fees, expenses, and costs; and

(3)     Award Plaintiffs such further legal, equitable, or other relief as is just and proper.

Dated:  New York, New York
        March 16, 2020

                        Respectfully submitted,

                        **VIRGINIA & AMBINDER, LLP**

                        By:     /s/ Nicole Marimon
                                Charles R. Virginia, Esq.
                                Nicole Marimon, Esq.
                                *Attorneys for Plaintiffs*
                                40 Broad Street, 7th Floor
                                New York, New York 10004
                                Tel: (212) 943-9080