## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE B.A.C. LOCAL 4 PENSION FUND, TRUSTEES OF THE NEW JERSEY B.A.C. ANNUITY FUND, TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, TRUSTEES OF THE NEW JERSEY BM&P APPRENTICE AND EDUCATION FUND, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, <br><br> Plaintiff, <br><br> v. <br><br> SUNDANCE CONSTRUCTION CO., INC. t/a B.D. MALCOM CO., <br><br> Defendant. | Civ. No.: 2:20-cv-02902 <br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Plaintiff's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 7. For the reasons that follow, Plaintiff's motion is **GRANTED**.

### I.   BBACKGROUND

This case arises under section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1145, and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, to collect delinquent employer benefit contributions to a group of employee benefit funds and other collectively bargained obligations. Defendant B.D. Malcom's failure to make monetary contributions for work completed within a certain geographic jurisdiction of the union pursuant to a collective bargaining agreement ("CBA") executed between Plaintiffs and Defendant. *See* Crandall Decl. at ¶ 7, Ex. B, C, and D, Art. XI, Sec. 1. Plaintiffs conducted an audit of B.D. Malcom for the period covering January 1, 2018 through December 31, 2018 (the "Audit Period") and found B.D. Malcom had failed to make certain monetary contributions required by the CBA for that period. *See* Crandall Decl. at ¶ 11.

On March 16, 2020, Plaintiff filed a complaint, followed by a summons on March

17, 2020. On March 25, 2020 the Defendant was served with both filings at its Lincoln Park, New Jersey address. ECF No. 5. Defendant has not filed an answer to Plaintiffs' complaint. After the deadline to respond expired, Plaintiffs moved for, and were granted, a clerk's entry of default. *See* ECF No. 6; May 15, 2020 Docket Entry. After entry of default, on May 21, 2020, Plaintiffs filed the present motion for default judgment. ECF No. 7. To date, Defendant has failed to answer or otherwise respond to the Complaint. Plaintiffs seek a judgment against Defendant in the amount of $122,527.61 consisting of: (1) contributions to the Funds in the principal amount of $85,803.16, plus interest in the amount of $16,159.82, and liquidated damages in the amount of $17,160.63; (2) attorneys fees and costs in the amount of $3,404; and (3) interest from May 16, 2020 through the date of judgment. ECF No. 10-5.

## II.   **DISCUSSION**

Prior to issuing a default judgment, the Court must find that service of process was proper on the Defendant. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985). A corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing agent or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(2). The Defendant in this matter was properly served on March 25, 2020, by service upon an officer of B.D. Malcom who was authorized to accept service on Defendant's behalf. *See* Marimon Decl. at ¶ 5, Ex. C.

Next the court must determine whether the Plaintiff has sufficiently stated a cause of action against the Defendant based upon the allegations set forth in the Complaint. The Third Circuit has previously held that allegations that an employer was bound to a CBA obligating it to make contributions to a benefit fund was sufficient to state a cause of actin pursuant to ERISA section 515, and section 502(g)(2), 29 U.S.C. §1132(g)(2) for the purposes of default judgment. *See Dubin Paper Co.*, No. 11-7137 (JBS)(KMW), 2012 U.S. Dist. LEXIS 102652, at *8; *see also Rock Canyon, Inc.*, 2015 U.S. Dist. LEXIS 24630, at *4-5; *New Jersey Bldg. Laborers' Statewide Pension Fund & Trustees Thereof v. Pulaski Const.*, No. 13-519, 2014 U.S. Dist. LEXIS 24553, at *2 (D.N.J. Feb. 26, 2014). As the Plaintiffs have alleged in their Complaint that they are seeking delinquent contributions owed by B.D. Malcom to the Funds pursuant to the Agreements and ERISA, the Court should find that Plaintiffs have sufficiently stated a cause of action.

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Although the facts plead in the Complaint are accepted as true, Plaintiff must prove damages. *See Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990).

In this case, the Court finds that the facts set forth in the Complaint, the motion, and

the attached exhibits merit entry of a default judgment.  A meritorious defense is "a defense which, if established at trial, would completely bar plaintiffs' recovery."  *See Dubin Paper Co.*, 2012 U.S. LEXIS 102652, at *9.  B.D. Malcom has not appeared or offered any representations in its defense.  Based on the record before the Court, there is nothing to indicate that Defendant has any meritorious defenses.

Plaintiff has been prejudiced by Defendants' failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief.  Courts in this circuit have found that when a defendant has not made an appearance in a case filed to recover delinquent contributions, the plaintiff is prejudiced by having to move for default judgment, and by delaying the potential relief of receiving the benefit contributions owed to the benefit funds. *See Dubin Paper Co.*, 2012 U.S. LEXIS 102652, at *9 ("As multi-employer benefit funds, Plaintiffs will surely be prejudiced if they are unable to collect unpaid benefit fund contributions and liquidated damages promptly")

Finally, where, as here, Defendants have failed to respond, there is a presumption of culpability.  *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).  The Court further finds that Plaintiff has submitted sufficient evidence to support its request for damages pursuant to Federal Rule of Civil Procedure 55(b), and has submitted a reasonable request for attorneys' fees and costs in accordance with Local Civil Rules 54.1 and 54.2.[1]

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED**. An appropriate order follows.


**Dated: August 11, 2020**


_____/s/ William J. Martini_____
**WILLIAM J. MARTINI, U.S.D.J.**

---

[1]     Section 502(g)(2) of ERISA provides that, upon a finding that an employer violated section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action. See, e.g. *Trucking Emples. of N. Jersey Welfare Fund, Inc. v. Bellezza Co.*, 57 Fed. Appx. 972, 975 (3d Cir. 2003).